**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| K.S., et al., )<br>)<br>           Plaintiffs, )<br>)<br>v. )<br>)<br>STRONGSVILLE CITY SCHOOL )<br>DISTRICT, )<br>)<br>)<br>           Defendant. ) | CASE NO. 1:13CV00091<br><br>JUDGE DONALD C. NUGENT<br><br><br><br>**STRONGSVILLE CITY SCHOOL DISTRICT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL EVIDENCE** |

**I. INTRODUCTION**

Strongsville City School District ("Defendant" or "District") respectfully requests that this Court deny Plaintiffs' Motion to Submit Additional Evidence. Specifically, Plaintiffs request permission to supplement the record with (1) the 2012 Evaluation Team Report ("2012 ETR"), (2) testimony transcripts of Bethany Britt, Beth Miscencik, Jason Frederick, Dell-Anne Lewis, Lynne Pape, Denise Abboud, and Melissa Baker from a subsequent administrative hearing – Case No. SE 2715-2012, and (3) Monarch School for Autism's ("Monarch") 2012-2013 Individualized Service Plan ("ISP"), including related data and progress reports. The presentation of such evidence is neither relevant to nor necessary for this Court to decide the issues presented on appeal, and would be duplicative and effectively change the character of this preceding from one of review, to more of a trial *de novo*. For the reasons set forth below, Plaintiffs' motion is not well-taken and should be denied.

## II. BACKGROUND

Plaintiffs challenge the decision of a State Level Review Officer ("SLRO") in a proceeding commenced pursuant to the provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. 1400 et seq. Plaintiffs allege in their Due Process Complaint that the Individualized Education Programs ("IEPs") developed for N.S. for the 2009-2010 and 2011-2012 school years were predetermined and not reasonably calculated to confer an educational benefit. The District disputes Plaintiffs claims, and both the Impartial Hearing Officer ("IHO"), Harry Taich, and the SLRO, Robert L. Mues, after hearing and/or reviewing the testimony and documentary evidence presented, concurred that the District met its legal obligation to provide N.S. with a free appropriate public education ("FAPE") in his least restrictive environment ("LRE").

The administrative hearing conducted by IHO Taich lasted more than 12 days, with Plaintiffs presenting 31 witnesses in their case-in-chief. Pursuant to *Schaffer v. Weast,* 546 U.S. 49, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005), Plaintiffs, as the party who initiated the due process hearing challenging the adequacy of the educational plan proposed by the District, bear the burden of proof. If the party claiming a denial of a FAPE or challenging the adequacy of an IEP fails to meet that burden, then the party is not entitled to relief. *Id. See also Doe v. Bd. of Educ. of Tullahoma City Schs.*, 9 F.3d 455, 460-61 (6th Cir. 1993), *cert. denied*, 511 U.S. 1108 (1994); *Doe v. Defendant I*, 898 F.2d 1186, 1191 (6th Cir. 1990).

After reviewing all of the evidence adduced during the lengthy hearing and considering the parties' arguments as delineated in their Post-Hearing Briefs, IHO Taich concluded that Plaintiffs failed to carry their burden of proving that the District predetermined, or that Plaintiffs were otherwise denied the right to meaningfully participate in the formation of N.S.'s 2009-2010

and 2011-2012 IEPs. IHO Taich also held that Plaintiffs failed to carry their burden of proving that the 2009-2010 or 2011-2012 IEPs were not reasonably calculated to provide a meaningful educational benefit to N.S. and that Plaintiffs should be granted reimbursement for their unilateral placement of N.S. at Monarch. IHO Decision pp. 53-54.

On appeal, SLRO Mues confirmed the IHO's decision and found that his factual findings were all supported by specific citations to the record and/or exhibits presented at the hearing, and there was nothing clearly erroneous in the his findings. SLRO Decision p. 11. Importantly, Plaintiffs never requested that the SLRO receive or consider "additional evidence," even though the IDEA's implementing regulations, 34 C.F.R. § 300.514(b)(2)(iii)), and Ohio's Operating Standards for Ohio Educational Agencies serving Children with Disabilities,[1] provide for the SLRO to "seek additional evidence, if necessary," including conducting an additional hearing to receive such additional evidence. O.A.C. 3301-51-04(K)(14)(b)(iii)(c). Plaintiffs made no such request to the SLRO.

On January 14, 2013, Plaintiffs appealed the SLRO's decision, in accordance with 20 U.S.C. 1415(f) - (g). In their Complaint, Plaintiffs request this Court reverse the IHO's and SLRO's decisions, and find that the District denied N.S. a FAPE for the 2009-2010 and 2000-2012 school years, and grant Plaintiffs the relief they requested.

---

[1] The Operating Standards represent Ohio's implementing regulations for the corresponding State law that fulfills the IDEA's mandate that public schools provide students with disabilities with a FAPE in their least restrictive environment.

### III.  LAW AND ARGUMENT

In accordance with 20 U.S.C. 1415(i)(2)(C)(ii), the court "shall hear additional evidence at the request of a party."  The Sixth Circuit Court of Appeals has adopted "a broad interpretation of the term 'additional'" when considering whether additional evidence should be considered as part of the District Court's review of state administrative proceedings.  *Metropolitan Bd. of Public Education v. Guest*, 193 F.3d 457, 463 (6th Cir. 1999).  The Court, however, has enumerated limitations on additional evidence, restricting it to what is necessary to determine the issue.  *Deal v. Hamilton County Bd. of Educ.,* 392 F.3d 840, 850 (6th Cir. 2004).  Specifically, the parties may not admit evidence on issues not before the IHO, may not admit duplicative evidence, and may not admit evidence in an effort to change the character of the hearing from one of review to a trial *de novo*.  *Id*. at 851 ft. note 7, 8.

In the instant case, Plaintiffs seek to present additional evidence that (1) is neither relevant nor necessary to assist the Court in deciding whether the District provided N.S. with a FAPE during the 2009-2010 and 2011-2012 school years, (2) involves duplicative evidence, and (3) materially changes the character of the proceeding and deprives the District of the opportunity to cross-examine witnesses regarding the additional evidence.

#### 1.  January 26, 2012 Evaluation Team Report

Plaintiffs belatedly desire to introduce substantive evidence involving the content of the 2012 ETR, which did not exist as a finalized document at the time Plaintiffs withdrew N.S. from school in the District in November, 2011 (the 2012 ETR was completed on January 26, 2012).  The 2012 ETR, however, is already an exhibit in the record because it was used on a limited basis with three witnesses at the hearing because it contained relevant information that had been generated before N.S. left the District (see Tr. pp. 1239, 1283 for testimony of Kristina Stasek;

4

Tr. p. 1938 for testimony of Lynne Pape; and Tr. p. 1942 for testimony of Lindsay Arndt). The IHO duly admitted the document into evidence at the close of the hearing. Tr. p. 2515. However, the portions of the document that did not exist at the time N.S. left the District were not addressed by witnesses at the hearing, because both parties agreed they were not relevant to Plaintiffs' claims, which arose prior to the time they unilaterally placed N.S. at Monarch. As such, Plaintiffs should be prohibited from attempting to utilize the document on appeal for a purpose more expansive than their counsel elected to use it at hearing. Also, it should be noted that the 2012 ETR was an exhibit introduced by the Board, and Plaintiffs chose not to include it in the Exhibit List they presented at the disclosure conference that occurred January 30, 2012, which was after the document was completed on January 26, 2012, at a meeting attend by both Mrs. Stasek and her legal counsel, Ms. McGuire. Further, Plaintiffs could have attempted to introduce relevant testimony concerning the document as part of their counsel's examination/cross-examination of the three witnesses identified above.

Finally, as briefly addressed above, the 2012 ETR is insignificant to this Court's review of whether N.S.'s 2011-2012 IEP conferred an educational benefit. The 2011-2012 IEP was developed based on the 2011 ETR (completed on March 22, and April 5, 2011), which was presented, authenticated, and testified to by numerous witnesses, in great detail, at the hearing. The 2012 ETR, on the other hand, was utilized for purposes of determining N.S.'s academic abilities and need for related services and supports for the following 2012-2013 school year, when the March 21, 2012 IEP was developed. Permitting Plaintiffs to supplement the record with a document that was completed after N.S. withdrew from the District, which bears limited relation to the issues at hand – whether N.S. received educational benefit during the 2009-2010 and 2011-2012 school years (prior to his parents withdrawing him from the District on

5

November 11, 2011) – is in direct contravention to the Sixth Circuit's requirements of relevancy and necessity. The Court should also not countenance Plaintiffs' counsel's belated attempt introduce the document, particularly when she seeks to have it come in without the opportunity for the testimony of witnesses who can explain its relevance or, more likely, irrelevance to the issues presented in this appeal. If the document was truly material to Plaintiffs' claims, they could have introduced it at the administrative hearing, or requested the opportunity to have the SLRO consider it as additional evidence in the first level of appeal. They did not, and therefore should not be permitted to introduce it here.

> **2. Testimony Transcripts of Bethany Britt, Beth Miscencik, Jason Frederick, Dell-Anne Lewis, Lynne Pape, Denise Abboud and Melissa Baker from Administrative Case SE 2715-2012.**

Plaintiffs next argue that the testimony transcripts of the above-named individuals from a later administrative proceeding that addressed the 2012-2013 IEP would be "beneficial" to this Court in considering the appropriateness of the 2011 ETR and the 2011-2012 IEP. Remarkably, however, Plaintiffs seek to introduce the transcript testimony of witnesses (with exception of Ms. Baker) who actually testified in depth in the current case. In other words, despite examining Ms. Britt, Ms. Miscencik, Mr. Frederick, Ms. Lewis, Ms. Pape and Dr. Abboud for hours (and often on multiple days) during this case, Plaintiffs' counsel now seeks to further add to the record these individuals' testimony in a separate case in which she also served as counsel for Plaintiffs.[2]

Further, Plaintiffs make no allegation that the testimony of the District employees was contradictory in any manner between the two proceedings, which could conceivably have had

---

[2] Ironically, Plaintiffs' *Motion* details the "relevancy" of the transcripts by outlining each individual's participation in N.S.'s educational programming, citing specifically to the 2012 ETR and 2012-2013 IEP, which are separate and apart from the 2011 ETR and 2011-2012 IEP and the entire 2011-2012 school year.

6

some relevance. Rather, Plaintiffs make the general comment that the transcript testimony might be "beneficial."

Plaintiffs also do not make any reference to specific portions of the testimony they seek to introduce. Instead, they presumably seek to introduce referenced transcripts in their entirety, which would substantially increase the already voluminous record.[3] Given that a significant majority of said testimony relates to issues not relevant to this proceeding – i.e., the content of and the procedures followed in developing N.S.'s 2012-2013 IEP – Plaintiffs' request should be denied. This is particular true since the Court would be left on its own swift through the extra thousand pages of transcript testimony to determine what *might* be relevant and/or supplement what the witnesses already testified to in this case. Such a request is patently unreasonable given Plaintiffs already examined the witnesses in this case (representing 579 pages of the current transcript) and the parties identified the relevant portions of their testimony in their respective Post-Hearing Briefs.

Last, with respect to Ms. Baker, again Plaintiffs' request should be denied because her transcript testimony is duplicative to that provided by other Monarch employees at the hearing in this case. Specifically, Plaintiffs elected not to call Ms. Baker as a witness in this case, and instead chose to have another Monarch employee, Kassie Burkholder, testify about N.S. speech-language needs and abilities when he arrived at Monarch in November, 2011. See Tr. pp. 1528-1557. Also, Plaintiffs presented two other Monarch employees (Kate Samek, Intervention Specialist, and Anna Greenspan, Occupational Therapist – their testimony exceeds 100 pages of the current transcript) as witnesses in this case, and presumably could have (and/or did) obtain

---

[3] If Plaintiffs' Motion is granted with respect to the specified transcript testimony, the record would grow an additional 987 pages – 235 pages of Ms. Britt's testimony; 42 pages of Ms.

7

the same type of information from them as can be found in Ms. Baker's testimony from the later, unrelated administrative proceeding. See Tr. pp. 1413-1527.

Although the Sixth Circuit has rejected the narrow interpretation of "additional evidence" adopted by the First Circuit Court of Appeals in *Town of Burlington v. Department of Educ.*, 736 F.2d 773 (1st Cir. 1984), the Sixth Circuit has cited with favor the language of that opinion which states:

> In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Metropolitan Government of Nashville and Davidson County v. Cook*, 915 F.2d 232, 235 (6th Cir. 1990). All of the concerns cited by the First Circuit Court of Appeals as a basis to deny the admission of additional evidence are present in this case. Since Plaintiffs seek to present evidence that was available through witnesses who testified at this hearing (or could have been called to testify by Plaintiffs' counsel but were not because different Monarch employees presented similar information), the District is left to conclude Plaintiffs are only seeking to undercut the statutory expertise of the administrative hearing officers by seeking the opportunity to join newer testimony with an already extensive record. Such an action clearly would alter the character of this appeal from one of review to a trial *de novo*.

### 3. Monarch 2012-2013 ISP, and related progress reports and data.

With respect to their request that the Court allow them to add Monarch's 2012-2013 ISP to the record of this proceeding, Plaintiffs continue to argue, mistakenly, that utilization of documents pertaining to the 2012-2013 school year are somehow relevant to the District's

---

Miscencik's testimony; 277 pages of Mr. Frederick's testimony; 180 pages of Ms. Lewis's

offering of a FAPE during the fall of 2011-2012 school year. As noted above, N.S. began attending Monarch in November, 2011, making his attendance at the District during the 2011-2012 school year a mere three months. Nevertheless, Plaintiffs contend that the 2012-2013 ISP, which Monarch developed in late-May, 2012, is relevant in determining whether the District provided N.S. a FAPE during the three months he attended the District the previous fall. This is nonsense. A document generated by the private facility, which Plaintiffs seek to have the District pay for, nearly six months after he started attending school in that private setting is not relevant to this case. Any present levels identified in the ISP relate to N.S. abilities in the spring of 2012, not the fall of 2011. Further, there has been no testimony from any witness about the progress reports or the ISP that Monarch generated in the spring of 2012 (after the April 21, 2011 IEP, which is the IEP at issue in this case, expired). Such documents are not relevant to or necessary for this Court to complete its responsibility to review whether the District offered/provided N.S. with a FAPE in the fall of 2011, prior to his parents unilaterally placing him at Monarch. The level of services specified in the ISP for the 2012-2013 school year is wholly irrelevant to what was appropriate for N.S. in the fall of 2011 and what he was entitled to under the IDEA when being educated by his public school in his least restrictive environment.

Further, to the extent Plaintiffs are seeking to rely upon Monarch's 2012-2013 ISP to establish the appropriateness of Monarch's program, such an issue is not relevant at this stage of this proceeding when the Court is reviewing the SLRO's determination that the District provided a FAPE to N.S. Case law is clear that the appropriateness of a private unilateral placement is only relevant if the parents meet their burden of establishing the public school denied their child a FAPE. First, the court must determine that the IEP designed for the child by the public school

---

testimony; 168 pages of Ms. Pape's testimony; and 85 pages of Dr. Abboud's testimony.

was inappropriate and second, that the unilateral private placement resulted in an appropriate education. *School Comm. of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). Such is not the case here where both the IHO and SLRO ruled the District met its obligation to provide a FAPE to N.S. in his least restrictive environment. Consequently, unless this Court determines the IHO and SLRO were incorrect in their findings, there is no need for it to consider any evidence concerning the appropriateness of Monarch to meet student's needs.

## IV. CONCLUSION

For the foregoing reasons, Defendant Strongsville City School District respectfully requests that this Court deny in its entirety Plaintiff's *Motion to Submit Additional Evidence*.

Respectfully submitted,

*/s/ Scott C. Peters*
Scott C. Peters (0059408)
Megan J. Bair (0088486)
BRITTON, SMITH, PETERS &
KALAIL CO., L.P.A.
3 Summit Park Drive, Suite 400
Independence, Ohio 44131-2582
(216) 503-5055
(216) 503-5065 (Facsimile)

Email: speters@ohioedlaw.com
          mbair@ohioedlaw.com

*Attorneys for Defendant Strongsville City School District Board of Education*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April, 2013, a copy of the foregoing *Strongsville City School District's Motion to Strike Additional Evidence* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Scott C. Peters*
*One of the Attorneys for Defendant,*
*Strongsville City School District Board of Education*