IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **K.S., et al.,** | ) | **CASE NO. 1:13 CV 91** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **STRONGSVILLE CITY** | ) | |
| **SCHOOL DISTRICT,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

     This matter is before the Court on the Motion to Submit Additional Evidence filed by Plaintiffs.  (Docket #13.)  Plaintiffs filed their Complaint in this Court on January 14, 2013, pursuant the provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400 et seq.  Plaintiffs allege that the Individualized Education Programs developed by the Strongsville City School District ("the School District") for Plaintiff, N.S. for the 2009-2010 and 2011-2012 school years were predetermined and not reasonably calculated to confer an educational benefit.  Plaintiffs appeal the final decision of the State Level Review Officer upholding the determination by an Impartial Hearing Officer that N.S. was not denied a free and appropriate public education by the School District.

     A party that is aggrieved by the findings and decision made by a State educational agency regarding an IDEA claim may file a civil suit.  20 U.S.C. § 1415(i)(2)(A). In reviewing cases brought under 20 U.S.C. § 1415(i)(2), the District Court must determine (1) whether the state has complied with the IDEA's procedural requirements and (2) whether the resulting

individualized educational program is reasonably calculated to enable the child to receive educational benefits. *Burilovich ex rel. Burilovich v. Board of Educ.*, 208 F.3d 560, 565 (6th Cir. Mich. 2000) (citing *Board of Education v. Rowley*, 458 U.S. 176, 206-07 (1982)). Under both the procedural and substantive reviews, a modified de novo review is appropriate. *Burilovich*, 208 F.3d at 565. The Sixth Circuit explains the "modified de novo" standard of review as follows:

> district courts may not "simply adopt the state administrative findings without an independent re-examination of the evidence," nor may they "substitute their own notions of sound educational policy for those of the school authorities which they review." The amount of "due weight" afforded to the administrative findings varies depending on whether such findings are based on educational expertise. "Less weight is due to an agency's determinations on matters for which educational expertise is not relevant .... More weight is due to an agency's determinations on matters for which educational expertise is relevant." Stated succinctly, a district court "may set aside administrative findings in an IDEA case only if the evidence before the court is more likely than not to preclude the administrative decision from being justified based on the agency's presumed educational expertise, a fair estimate of the worth of the testimony, or both."

*Woods v. Northport Pub. Sch.*, 487 Fed. Appx. 968, 973 (6th Cir. Mich. 2012) (citations and internal quotation marks omitted).

In an IDEA action, the School DistrictCourt "(i) shall receive the records of the administrative proceedings; **(2) shall hear additional evidence at the request of a party**; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate." 20 U.S.C. § 1415(i)(2)(B) (emphasis added). The Sixth Circuit "has taken an expansive view of the scope of additional evidence that may supplement the administrative record." *Deal v. Hamilton County Bd. of Educ.,* 392 F.3d 840, 850 (6th Cir. Tenn. 2004) (citing *Metropolitan Bd. of Pub. Educ. v. Guest by & Through Guest,* 193 F.3d 457, 463 (6th Cir. Tenn. 1999); *Metropolitan Government of Nashville v. Cook*, 915 F.2d 232, 234 (6th

Cir. Tenn. 1990)). In *Deal*, the Court discussed that the word "additional" contemplates something to be added, rather than just a supplement, but cautioned that a court must "take care to limit additional evidence to what is necessary for consideration of whether the original IEP was reasonable calculated to afford some education benefit." *Deal*, 392 F.3d 840, 850 (citing *Guest*, 193 F.3d 457, 463). The Court also noted that there is nothing to prohibit the Court, either in statutory or case law in the Sixth Circuit, from "allowing even a large amount of additional evidence if it will add something to the administrative record or assist the court in deciding the issues before it." *Deal*, 392 F.3d 840, 851 (citing *Cook*, 915 F.2d 232, 234).

Plaintiffs seek to submit an Evaluation Team Report completed by the School District on January 26, 2012; deposition transcripts from a separate administrative due process request filed by Plaintiffs challenging N.S.'s 2012-2013 IEP; and, the Individual Service Plan completed on May 30, 2012 and related progress reports and data completed by the Monarch School where N.S. began attending in November 2011. The School District filed a Memorandum in Opposition to Plaintiffs' Motion to Submit Additional Evidence (Docket #14), requesting that the Court deny Plaintiffs' Motion in its entirety.

As the Court does not have copies of the additional evidence Plaintiffs' move to submit, the Court has reviewed the Record in this case in conjunction with the arguments of the Parties. Based upon that review, the Court will permit Plaintiffs to submit all of the requested documentation as additional evidence. As noted by the School District, the 2012 ETR is already part of the record in this case. Further, the Court will permit Plaintiffs to submit the Testimony Transcripts of Bethany Britt, Beth Miscencik, Jason Frederick, Dell-Anne Lewis, Lynne Pape, Denis Abboud and Melissa Baker from Administrative Case SE 2715-2012. The School District has had the opportunity to cross-examine each of the above-named individuals and the

testimony, or portions thereof, may be relevant to Plaintiffs' claims in this case. Finally, although the 2012-2103 ISP was completed by the Monarch School on May 30, 2012, the progress reports and data in support thereof may contain relevant information. Plaintiffs note in their Brief in Opposition that the testimony of Monarch School employees as to N.S.'s needs and abilities when he arrived at Monarch in November 2011 is already part of the Record and the progress reports and data in support of the 2012-2103 ISP may provide relevant information as to N.S.'s current levels of performance and skills during the beginning of the 2011-2012 school year.

The Court will be careful to consider the foregoing evidence within the parameters outlined by the Sixth Circuit and only to the extent that it is relevant to this Court's review of whether the School District complied with the IDEA's procedural requirements and whether the resulting Individualized Educational Programs developed for N.S. for the 2009-2010 and 2011-2012 school years were reasonably calculated to enable N.S. to receive educational benefits. The Parties are free to argue as to the relevance and appropriateness of this Court's consideration of any of the additional evidence as such issues arise during the briefing of Plaintiffs' case.

**Conclusion**

For the foregoing reasons, the Motion to Submit Additional Evidence filed by Plaintiffs. (Docket #13) is GRANTED.

IT IS SO ORDERED.

                                    s/Donald C. Nugent
                                    DONALD C. NUGENT
                                    United States District Judge

DATED: July 11, 2013